J-S14013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :         PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| JACOB TYLER WHITE | : |
| | : |
| Appellant | : No. 1025 MDA 2025 |

Appeal from the PCRA Order Entered July 2, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004302-2022

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED JUNE 30, 2026**

Jacob White appeals *pro se* from the order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows.  On February 9, 2023, White pled guilty to three counts of indecent assault and related charges.  That same day,  the trial court sentenced White to a two-year probationary term.   This sentence was to be served consecutively to a nine to twenty-three month sentence imposed at CP-22-CR-0004375-2020.[1] White filed neither a post-sentence motion nor a direct appeal.

---

[1] White pled guilty and was sentenced on theft and related charges at this docket and was sentenced on the same day as the docket at issue in this
*(Footnote Continued Next Page)*

On February 24, 2023, White filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On March 27, 2023, White filed a counseled motion to discontinue the petition, which the PCRA court granted.

On November 26, 2024, White filed the PCRA petition at issue, his second.[2] Because White also included the 2020 docket on this petition, which constituted his first petition at that docket, the PCRA court appointed counsel.[3] On February 13, 2025, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). According to PCRA counsel, White's petition was untimely filed as to both dockets, and he could not establish a time-bar exception.

On May 14, 2025, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss White's petition as untimely and granted PCRA counsel's motion to withdraw. White did not file a response. By order entered July 2,

_____

appeal. Although this docket was included in White's subsequent PCRA petition and appeal therefrom, the appeal at this docket was later discontinued.

[2] **See Commonwealth v. Rienzi**, 827 A.2d 369 (Pa. 2003) (holding that when a first PCRA petition is withdrawn, a subsequent petition does not relate back to the first petition, but shall be considered a second petition).

[3] White originally stated his intent to proceed *pro se*, and the PCRA court scheduled a hearing pursuant **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), on December 17, 2024. At this hearing, White informed the court that he reconsidered his request to proceed *pro se* and desired the appointment of counsel.

2025, the PCRA court dismissed White's petition. This timely appeal followed. The PCRA court did not require Appellate Rule 1925 compliance, but the court did file a Rule 1925(a) opinion in which it relied on the reasoning provided in its Rule 907 notice.

White's handwritten brief consists of a little over three pages and largely fails to comply with the Pennsylvania Rules of Appellate Procedure. Nonetheless, he does raise six substantive issues.[4] Before we can address them, however, we must first determine whether the PCRA court correctly determined that White's second PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time

---

[4] We note that the Commonwealth did not file an appellee's brief as required by Pa.R.A.P. 2112.

on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, White's judgment of sentence became final on March 13, 2023, thirty days after the time for filing an appeal to this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3).[5] Therefore, White had until March 13, 2024, to file a timely petition. Because White filed the petition at issue in November 2024, it is untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

White has failed to prove an exception to the PCRA's time bar. In his petition, White asserted a claim that first PCRA counsel was ineffective for advising him to discontinue his first, timely-filed PCRA petition. As noted by

---

[5] Because the thirtieth day fell on a Saturday, White had until the following Monday to file a timely appeal. ***See*** 1 Pa.C.S.A. § 1908.

the PCRA court, this ineffectiveness claim "cannot satisfy the government interference exception since defense counsel, whether appointed or retained, are excluded from the definition of 'government officials.'" Rule 907 Notice, 5/14/25, at 4 (unnumbered) (citing 42 Pa.C.S.A. §9545(b)(4)).

In his brief, White cites *Commonwealth v. Simmons*, 262 A.3d 512, 515 n.3 (Pa. Super. 2021) (*en banc*), for the proposition that challenges to an illegal sentence can never be waived and may be raised *sua sponte* by this Court. White does not assert how the two-year probationary term imposed at this docket was illegal.[6] Nonetheless, we note that, although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. *Commonwealth v. Taylor*, 65 A.3d 426 (Pa. Super. 2013).

In sum, because White's petition was untimely, this Court lacks jurisdiction to consider the merits of White's substantive issues. We therefore affirm the PCRA court's order dismissing White's petition.

---

[6] By citing *Simmons*, it appears White is suggesting that the court below anticipatorily revoked his term of probation. However, as noted by the PCRA court, on May 1, 2025, White pled guilty to new charges, and the court imposed an aggregate sentence of three to six years of incarceration, to be followed by a five-year probationary term. As a result, the court was asked to also address White's violation of probation at the present docket. Significantly, the court did not revoke the probationary sentence, but rather, "considering the lengthy sentence imposed in [2025], [the court] discharged [White] from his probation supervision and closed [the docket at issue]." Rule 907 Notice, 5/14/26, at 6 (unnumbered). Thus, the PCRA court concluded that, for this additional reason, White would be ineligible for relief at this docket. *See id.* at 7 (unnumbered) (citing cases and noting that White can no longer satisfy the requirements of 42 Pa.C.S.A. § 9543(a)(1) because he was no longer in custody).

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/30/2026